**Samba NIANG, Petitioner,**

v.

**John ASHCROFT, Attorney General; Immigration and Naturalization Service, Respondents.**

No. 02–4443.

United States Court of Appeals, Sixth Circuit.

April 23, 2004.

Mark M. Nesbit, Nesbit Law Firm, Columbus, OH, for Petitioner.

Richard M. Evans, David E. Dauenheimer, U.S. Department of Justice, Washington, DC, for Respondents.

Before: SUHRHEINRICH and GIBBONS, Circuit Judges; and LAWSON, District Judge.*

*ORDER*

Samba Niang, an alien of undetermined citizenship currently residing in Ohio, petitions through counsel for review of an order of the Board of Immigration Appeals affirming an immigration judge's decision denying his requests for asylum, 8 U.S.C. § 1158; withholding of removal, 8 U.S.C. § 1231(b)(3); relief under the United Nations Convention Against Torture; and voluntary departure. The parties have waived oral argument, and this panel unanimously agrees that oral argument is not needed in this case. Fed. R.App. P. 34(a).

* The Honorable David M. Lawson, United States District Judge for the Eastern District of Michigan, sitting by designation.

Niang entered the United States in 1995 without inspection and concedes removability on that basis. He applied for the relief set forth above, alleging that he was a citizen of Mauritania who had been persecuted on the basis of his race. He alleged that he had been beaten, imprisoned, and expelled to Senegal in 1989. At a merits hearing before an immigration judge (IJ), Niang repeated his claims. The hearing was conducted in English after the Fulani translator did not appear on time. Although the transcript reveals some problems in communication, both Niang and his representative affirmed that they wished to proceed in English. The translator appeared near the end of the hearing. At that time, a question arose about the validity of Niang's birth certificate, which he had submitted in support of his claim of Mauritanian citizenship. The IJ therefore continued the hearing to allow the birth certificate to be analyzed by a forensic expert. At the continued hearing, a translator was present and participated, but Niang offered little testimony. The forensics report was admitted, which concluded that Niang's birth certificate was probably counterfeit, because it was copied and lacked stamps and the correct number of signatures. When asked to explain why his birth certificate was apparently counterfeit, Niang maintained that his parents had obtained it from the Mauritanian government. The IJ denied all the relief requested, finding that the submission of a counterfeit document rendered Niang's claims incredible. Niang was ordered to be deported to Mauritania or Senegal. The Board of Immigration Appeals affirmed that decision.

In his brief before the court, Niang argues: (1) that he was denied due process when his merits hearing was conducted without a translator; (2) that the finding of lack of credibility is unsupported because the forensics report is questionable; and (3) that he established eligibility for asylum.

■ The decision below was based on a finding of lack of credibility, which is subject to deferential review. *Efe v. Ashcroft*, 293 F.3d 899, 903 (5th Cir.2002); *Singh–Kaur v. INS*, 183 F.3d 1147, 1149 (9th Cir.1999). When a fraudulent document is submitted for the purpose of establishing an element of an asylum claim, a finding of lack of credibility is supported by substantial evidence. *Akinmade v. INS*, 196 F.3d 951, 955–56 (9th Cir.1999). In this case, the apparently counterfeit birth certificate was submitted to establish Niang's claim of Mauritanian citizenship, which was essential to his allegations. Therefore, the denial of relief was based on substantial evidence. Niang's argument that the forensic analysis is questionable is not supported by the record. He maintains that the forensic expert did not have the original document, but only a copy. Even if this were true, it would not explain the findings that the necessary stamps and signatures were missing.

■ Niang argues that the lack of a translator denied him due process, relying on *Amadou v. INS*, 226 F.3d 724, 727 (6th Cir.2000). Although the transcript of the first hearing is difficult to follow in places and indicates that there were communication problems between Niang and the IJ, Niang and his representative agreed to conduct the hearing in English. The denial of relief was not based on these problems, but on the submission of a counterfeit document. At the hearing at which Niang was asked to explain the apparent counterfeit nature of his birth certificate, a translator was present, but Niang merely maintained his assertion that the document was authentic. Thus, the lack of an interpreter at the first hearing did not affect

the crucial issue in this case and did not deny Niang due process.

Finally, we need not address Niang's argument regarding his eligibility for asylum. The decision below never reached the merits of the claim since the IJ concluded that Niang's allegations were incredible.

For all of the above reasons, the petition for review is denied.